JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN LEE FREEMAN,<br><br>                Plaintiff,<br><br>      v.<br>J. DEBURG, et al.,<br><br>                Defendants. | Case No. 5:24-cv-00207-SPG-AGR<br><br>**ORDER REMANDING CRIMINAL CASE TO STATE COURT [ECF NOS. 1, 5]** |

This matter is before the Court on the Notice of Removal filed by Brian Lee Freeman ("Freeman") regarding Case No. FVI23000631 in the Superior Court for San Bernardino County. (ECF No. 1). The Court takes judicial notice of the docket in Case No. FVI23000631, which indicates that the case is a felony criminal case filed against Freeman.

For the reasons set forth below, the Court remands the case to the Superior Court for the County of San Bernardino for lack of subject matter jurisdiction.[1]

Unless otherwise expressly provided by Congress, a defendant may remove "any *civil* action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (emphasis added). *See also Dennis v. Hart*,

---

[1] To the extent that, by filing an Affidavit of Poverty, (ECF No. 5), Freeman seeks approval to proceed *in forma pauperis*, the Court DENIES this request as moot.

724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal jurisdiction. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006); *Gaus, v. Miles*, 980 F.2d 564, 566–67 (9th Cir. 1992). "Under the plain terms of § 1441(a), in order to properly remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Id.* at 32 (internal quotation marks and citation omitted). Generally, when Congress has created a right of removal, those statutes are strictly construed against removal jurisdiction. *Id.*; *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012); *Gaus*, 980 F.2d at 566.

Failure to establish subject matter jurisdiction requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

Here, it is evident that the Court lacks subject matter jurisdiction because the underlying state litigation is a criminal case filed against Freeman.

IT IS THEREFORE ORDERED that the state court action is REMANDED to the Superior Court of California for San Bernardino County for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED:  April 12, 2024

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE